IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD W. SHAW, | § | |
| HC SPN 01027098, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-05-2369 |
| | § | |
| TDC CORRECTION OFFICE HUNTSVILLE, | § | |
| *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, a pretrial detainee in the Harris County, Texas Jail, has filed a civil rights action under 42 U.S.C. § 1983 and a more definite statement, alleging that he was kidnapped by the Harris County Sheriff's Department, the Texas Department of Criminal Justice, the Classification and Transportation Department, the State Classification Office of Huntsville, and "TDC French Robertson Unit, Donastic [sic] Goree Huntsville." (Docket Entries No.1, No.5). Plaintiff indicates that after he was kidnapped, he was arrested for possession of a controlled substance, namely, crack cocaine. (Docket Entry No.5). Plaintiff has not yet been tried on the charge but counsel has been appointed. (*Id.*). Plaintiff also indicates that he was arrested for violating the conditions of his parole and that a parole revocation hearing has been set. (*Id.*).

To maintain a civil rights action under 42 U.S.C. § 1983, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). In this case, plaintiff's complaint and his response to the Order for More Definite Statement fail to state a claim pursuant to § 1983. Plaintiff does not name the person or persons who

allegedly kidnapped him nor claim that he does not know the name of the person or persons who allegedly kidnapped him. He fails to state when, why, or how he was allegedly kidnapped. Moreover, plaintiff's answers to various questions posed in the Order for More Definite Statement regarding the location of the alleged kidnapping, his status as a parolee or probationer at the time of the alleged kidnapping, and when he was arrested are contradictory or non-responsive. Based on this record, the Court finds that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court ORDERS the following:

1. Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED. Plaintiff shall pay the entire $250.00 filing fee under 28 U.S.C. § 1915(b). The Inmate Trust Fund of the Harris County Jail shall collect this amount from the plaintiff's inmate trust fund account, when funds are available, and forward it to the Court.

2. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(b)(ii).

3. All claims against all defendants are DISMISSED.

The Clerk will provide a copy of this Order to all parties, to the Harris County Jail Inmate Trust Fund, Attn: M.E. McKinney, 1301 Franklin, Houston, Texas 77002; phone 713-755-8436, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker..

Signed at Houston, Texas, on 14th day of September, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE